DOWNEY, Chief Judge.
The Department of Transportation condemned a small portion of appellants’ land in conjunction with construction of Interstate 95. Appellants’ tract of land contained approximately 65 acres and had road frontage on Orange Avenue on the North side and Copenhaver Road on the West side. The Department of Transportation took approximately 3 acres of said tract which left an entryway for access to Orange Avenue of only 58 feet. In addition, the interstate roadway intersected Copenhaver Road so that Copenhaver Road was severed from the public road system except for entry onto Orange Avenue.
A traffic engineer testified that as a result of the taking the remaining 62 acres could not be developed as advantageously as before. Appellants’ appraiser, Zook, testified to severance damage in the amount of $181,051.00 due to the limited access to the property. The Department of Transportation appraiser found the value of the property taken was higher than appellants’ expert but his opinion was that there was no.severance damage. The jury returned a verdict for $63,900, the value of the property taken as testified to by appellants’ appraiser, Zook. No severance damages were allowed.
During the course of closing argument, in commenting upon Mr. Zook’s appraisal testimony, counsel for the Department of Transportation had this to say:
Now, as to Mr. Zook, his credentials are imposing. He is an impressive witness. And he gave very fine testimony.
But he is answering an unrealistic question. He is answering the question as to what this property would be worth — he is answering the question that is involved with the question of the value of the property, if you had only the Orange frontage, Orange Avenue frontage, and the Copenhaver that goes down around the property down to the bottom.
But our society does not remain stagnant. When a demand arises a supply is created. When a demand is created, it is fulfilled. When you need a road a road comes up and appears. As Mr. Tierney pointed out in one of his comparable sales, there is a road at that — he took pains to point out that there is a road right in here, I believe this was the sale, that wasn’t there when the sale was made. Why? Because they needed it. *388 So when you have a need for roads, as you would have for the subject property in the after condition, when the need actually arises the roads will come. (Emphasis added.)
Counsel for appellants objected to these remarks but the trial court overruled the objection. There was no evidence of any plans for. new roads to be built which might alleviate appellants’ access problems. Thus, counsel’s suggestion that when appellants needed additional access new roads would be built not only has no record support but in all probability no support in reality. We, of course; cannot be certain these remarks misled the jury. Appellants made a strong case for allowance of severance damage, however if the jury believed appellee’s counsel, then they might well be justified in finding no severance damage to the remainder of the property because the new roads envisioned by appellee’s counsel would take care of the problem. Had the trial court sustained the objection, we would have no difficulty in affirming the judgment. But in overruling the objection the trial court placed its imprimatur on counsel’s argument which could well have convinced the jury that such roads would be constructed when appellant had 'a need for them.
We think the interests of justice require that appellants be granted a new trial. Accordingly, the judgment appealed from is reversed and remanded for a new trial.
REVERSED AND REMANDED.
CROSS and BERANEK, JJ., concur.